SCOOLIDGE, PETERS, RUSSOTTI & FOX LLP
Peter Scoolidge
2 Park Avenue, 20th Floor
New York, NY 10016
(212) 729-7708
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IVY COACH INC., <br><br> *Plaintiff*, <br><br> v. <br><br> CRIMSON CONSULTING LIMITED and TPR ADMISSIONS COUNSELING, LLC d/b/a "COLLEGEWISE" <br><br> *Defendant*. | Case Number: 25-cv-5906 <br><br> **COMPLAINT** <br><br> **ECF Case** <br> **Jury Trial Demanded** |

Plaintiff Ivy Coach Inc. ("Ivy Coach"), by and through its attorneys Scoolidge, Peters, Russotti & Fox LLP, files this Complaint and alleges against Defendants Crimson Consulting Limited ("Crimson") and TPR Admissions Counseling, LLC d/b/a "CollegeWise" ("CollegeWise") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. This is an action arising from Defendants' trademark infringement and deceptive acts and practices under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a) and § 1125(c)) and Section 349 of the New York General Business Law.

2. Ivy Coach is a well-known and well-regarded college admissions consulting company that has assisted prospective college applicants and their families in the navigation of elite college admissions for over 30 years.

3. Ivy Coach has been featured in various news outlets such as The New York Times, The Wall Street Journal, The Washington Post, U.S. News & World Report, NPR, Barron's, Bloomberg, and CNBC.

4. Ivy Coach's high profile in the space has made it the subject of a high volume of Internet searches on Google's search engine. Consequently, search engine optimization and Google Ads advertising techniques in the space sometimes make use of Ivy Coach's name and trademarks to get higher content rankings in search results.

5. Defendant Crimson (along with its subsidiary, CollegeWise) is a competitor that also offers college admissions consulting services to students and families navigating the college admissions process.

6. From approximately October 2024 through in or about June 2025, Defendants knowingly and willfully used Plaintiff's federally registered trademark in Google Ads to divert prospective customers to their services, causing prospective customers to believe that Defendants' services were affiliated with Ivy Coach.

7. Ivy Coach—and the consumer—have suffered injury as a result of Defendants' unauthorized use of Ivy Coach's trademark. By falsely suggesting an affiliation or endorsement, Defendants have harmed Ivy Coach's reputation, disrupted the integrity of the consumer marketplace, and caused substantial economic damage, including lost business opportunities and revenue.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2201 because this case involves an actual controversy arising under the Lanham Act, 15 U.S.C. §1051, et seq. This Court has supplemental jurisdiction over Ivy Coach's state law claim pursuant to 28 U.S.C. § 1367(a) because it is so related to Ivy Coach's Lanham Act claim that it forms part of the same case or controversy.

9. The Court has personal jurisdiction over Defendants pursuant to CPLR § 302(a)(3) because Defendants' tortious acts have caused injury to Ivy Coach within New York, and Defendants have otherwise committed acts giving rise to personal jurisdiction under CPLR § 302(a)(3)(i)-(ii).

10. Venue is proper in this District under 28 U.S.C. §1391(b) because Defendants conduct business in this judicial district and/or a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## PARTIES

11. Plaintiff Ivy Coach is a Florida corporation with a principal place of business in New York County in the City and State of New York.

12. Upon information and belief, Defendant Crimson Consulting Limited is a limited company organized under the laws of Auckland, New Zealand.

13. Defendant CollegeWise is a California limited liability company with a place of business in Irvine, California.

## FACTUAL BACKGROUND

### *Ivy Coach's Success and Trademark Rights*

14. Ivy Coach is a college admissions consulting company that was formed over 30 years ago. Its services include college admissions counseling, graduate school admissions counseling, prep/boarding school admissions counseling, and SAT/ACT tutoring.

15. The Ivy Coach brand and its services are well-known and well-regarded in the college admissions consulting industry. Ivy Coach's valuable brand recognition has resulted in the misappropriation of its intellectual property by third parties seeking to trade on Ivy Coach's reputation and goodwill in order to attract customers to their various business endeavors.

16. Ivy Coach is the owner of U.S. Trademark Registration No. 85800832 for the mark "THE IVY COACH" and the owner of U.S. Trademark Registration No. 85800920 for the mark "IVY COACH", both registered for use in connection with college admissions counseling

services. Until in or about 2015, Ivy Coach was marketed as The Ivy Coach. Since then, Plaintiff markets its services as Ivy Coach. Plaintiff's services, however, are known and identified in the public by both trademarks interchangeably. The marks have been in continuous use in commerce for over 25 years and have come to represent Ivy Coach's high-quality, individualized consulting services.

17. As a result of its extensive and exclusive use, substantial advertising efforts, and consistent delivery of services, the **"IVY COACH"** marks have acquired strong source-identifying significance and goodwill in the marketplace. Consumers associate the marks solely with Ivy Coach and its services.

### *Defendant's Infringing Advertising and Trademark Misuse*

18. Defendants compete directly with Ivy Coach in the field of college admissions consulting. Like many companies in this space, Defendants advertise online using search engine marketing, including paying for their ads to be displayed when users search for specific terms.





19. While it is not unlawful for competitors to run ads on searches involving a rival's name, it is unlawful to use that rival's trademark in the text of the advertisement (ad copy) or in a manner that is likely to cause consumer confusion.

20. In or around October 2024, Ivy Coach discovered that advertisements for Crimson and/or CollegeWise appeared when users searched for the term "Ivy Coach" or "The Ivy Coach" on Google. These ads were placed through Google Ads and appeared above or alongside organic results for Ivy Coach.

21. Upon information and belief, Defendants included Ivy Coach's trademarks in their advertising copy and deliberately caused their ads to appear as if affiliated with Ivy Coach, with the intent to mislead consumers and divert business.

22. This conduct constitutes commercial use of Ivy Coach's registered trademarks in a manner likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Ivy Coach. Indeed, a consumer searching the term "Ivy Coach" who sees a search hit describing the company that sponsored the ad as "Your Ivy Coach" or with a tagline including "Ivy Coach" is likely to believe that the search hit will lead to Ivy Coach's site.

### *Defendant's Pattern of Misconduct and Cease-and-Desist Communications*

23.     After learning of Defendants' infringing advertisements, Ivy Coach issued a cease-and-desist and settlement demand letter dated **October 23, 2024**, demanding that Defendants cease use of the "Ivy Coach" trademark in any form of advertising, including Google Ads. A true and correct copy of that letter is attached hereto as **Exhibit 1**.

24.     On or about **November 8, 2024**, Defendants responded by email, stating: *"The ad referred to was up for a short time and yielded no results. We consider this matter concluded."* A true and correct copy of that email is attached hereto as **Exhibit 2**.

25.     Because Defendants failed to accept responsibility, cease infringing activity, or provide written assurances of non-recurrence, counsel for Ivy Coach issued a follow-up legal notice dated December 4, 2024, reiterating Ivy Coach's position and formally revoking the prior settlement demand. The letter also documented the Google Ads infringement and related deceptive conduct previously committed by Crimson's founder, Jamie Beaton. A true and correct copy of this letter and its attachments is attached hereto as **Exhibit 3**.

26.     Defendants' misconduct is not limited to recent events. In or about 2014, Jamie Beaton, Crimson's founder, contacted Ivy Coach using a false pretense. He posed as a prospective client inquiring on behalf of a family member (i.e., he pretended to be a parent of a young woman he was dating at the time), when in fact he was a competitor in the process of founding Crimson.

27.     Mr. Beaton engaged in detailed communications with Ivy Coach, attempting to obtain non-public information about its pricing structure, service model, and client engagement process.

28.     At no time did Mr. Beaton disclose his competing interest or his intent to use the information to build a rival company. The information obtained by him under false pretenses was later used to help launch and operate Crimson.

29.     On or about December 10, 2024, Defendants' counsel sent an email in response to Ivy Coach's December 4 letter, stating, without any substance or elaboration, that Defendants had *"addressed the matters raised in the October 23, 2024 letter by way of email reply on or*

*about November 7, 2024,"* that they had *"nothing further to add here,"* and that they *"wholeheartedly reject the allegations of fraud. No intellectual property or proprietary non-public information was obtained or used."* A true and correct copy of that email is attached hereto as **Exhibit 4**.

30. In or about May 2025, Ivy Coach became aware of new trademark infringement by Defendants, again involving the unauthorized use of Ivy Coach's trademarks in advertising. On or about June 10, 2025, undersigned counsel emailed Defendants' counsel with screenshots of advertising that included the "Ivy Coach" mark. The use of the Plaintiff's mark following its cease-and-desist letter is clear evidence of willful infringement. Plaintiff's email expressly noted that Crimson and CollegeWise had long been on notice of Ivy Coach's intellectual property rights and that there could be no misunderstanding the willfulness of Defendants' misconduct. The email further demanded payment and written assurances that Defendants would permanently cease all use of the "Ivy Coach" name and trademarks, or any variation thereof, in connection with any advertising or promotional activity. A true and correct copy of that email is attached hereto as **Exhibit 5**.

31. On or about June 16, 2025, Defendants' counsel responded, stating that Defendants did not concede any of the uses identified constituted trademark infringement, and asserted that the advertisements were either inactive or represented *"permissible keyword bidding practices commonly employed in paid search advertising."* The response further claimed that *"any continued pursuit of such claims would, in our view, be disproportionate and unmerited,"* and concluded by stating: *"We consider this matter resolved."* A true and correct copy of that email is attached hereto as **Exhibit 6**. Notably, Defendants' response did not even attempt to justify the use of "Ivy Coach" in the ad copy that appeared in the search hit – ad copy that Defendants wrote and provided as part of the Google Ads advertising arrangement.

### *Ivy Coach's Damages*

32. Defendants' unauthorized use of Ivy Coach's trademarks is likely to cause confusion among consumers searching for Ivy Coach's services.

33. With knowledge of Ivy Coach's strong brand recognition in the college admissions consulting business, Defendants exploited the goodwill and popularity of the Ivy Coach brand to increase traffic to its website and promote its services.

34. As a result of Defendants' conduct, Ivy Coach has suffered harm in the form of lost business opportunities, decreased market share, damage to its brand integrity and goodwill, and dilution of its trademarks.

35. The harm to Ivy Coach's business and reputation caused by Defendants' conduct is ongoing and continues to this day.

## FIRST CAUSE OF ACTION
### (Violation of Section 43(a) of the Lanham Act – 15 U.S.C. § 1125(a))

36. Plaintiff Ivy Coach repeats and re-alleges all paragraphs above as though fully set forth herein.

37. As set forth above, Defendants have used, in commerce, Ivy Coach's trademarks without authorization, which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Ivy Coach.

38. Defendants' unauthorized use of the "Ivy Coach" and "The Ivy Coach" trademarks in online advertisements and search engine marketing has the capacity to deceive consumers into believing that Defendants' services are affiliated with, endorsed by, or otherwise connected to Ivy Coach.

39. By running Google Ads campaigns triggered by searches for "Ivy Coach" and incorporating Ivy Coach's trademark into the ad copy, Defendants have caused advertisements for their services to be displayed in connection with Plaintiff's mark in interstate commerce.

40. Ivy Coach has suffered injury as a result of Defendants' misleading advertising, including actual consumer confusion, diversion of prospective clients, lost profits, and a dilution of the goodwill associated with Ivy Coach's name and services, in an amount to be proven at trial.

41. Additionally, Defendants have earned and continue to earn revenue from consumer leads and affiliate engagements that were obtained by misappropriating Ivy Coach's trademarks and misleading consumers as to the source or sponsorship of their services, in an amount to be proven at trial.

42. Ivy Coach continues to be damaged by Defendants' activities and conduct. Unless Defendants' conduct is enjoined, Ivy Coach and its goodwill and reputation will suffer irreparable injury that cannot be adequately calculated or compensated solely by money damages and for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION
(Violation of Section 43(c) of the Lanham Act – 15 U.S.C. § 1125(c))

43. Plaintiff Ivy Coach repeats and re-alleges all paragraphs above as though fully set forth herein.

44. Defendants have used Ivy Coach's well-known trademark in online advertising, paid search campaigns, and marketing materials, without Plaintiff's authorization.

45. Defendants' unauthorized use of Ivy Coach's trademark in advertising and search engine ad copy is likely to cause dilution of the distinctive quality of Ivy Coach's distinctive marks by blurring its unique association with Plaintiff's services and/or by tarnishing its reputation through misleading associations.

46. Ivy Coach has suffered and continues to suffer irreparable harm to the strength and distinctiveness of its marks as a result of Defendants' dilution, and such harm cannot be adequately remedied by monetary damages alone.

## THIRD CAUSE OF ACTION
(Violation of Section 349 of the New York General Business Law)

47. Plaintiff Ivy Coach repeats and re-alleges all paragraphs above as though fully set forth herein.

48. As set forth above, Defendants have engaged in deceptive acts and practices by using Ivy Coach's trademark in online advertising in a manner likely to mislead consumers into

believing there is an affiliation, connection, or endorsement between Defendants and Ivy Coach when there is not.

49. Defendants' deceptive acts are directed at consumers because they involve public-facing advertisements designed to appear in search engine results for "Ivy Coach," a term widely known to represent Plaintiff's brand.

50. These deceptive practices are likely to mislead a reasonable consumer acting reasonably under the circumstances by implying that Defendants' services are those of, or endorsed by, Ivy Coach.

51. Defendants' conduct affects the public interest in New York because, upon information and belief, New York consumers searching for Ivy Coach have been and will be exposed to these misleading advertisements, causing confusion.

52. Ivy Coach has suffered injury as a result of Defendants' deceptive conduct both by the loss of potential clients and by a lessening of the goodwill associated with Ivy Coach's services, in an amount to be determined at trial.

53. Additionally, Defendants have received revenue and commercial benefit from search-based advertisements targeting consumers in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Ivy Coach respectfully requests that this Court enter a judgment:

a) Finding Defendants have violated Section 43(a) and 43(c) of the Lanham Act (15 U.S.C. § 1125 (a) and § 1125(c)), and Section 349 of the New York General Business Law;

b) Awarding damages in an amount to be determined at trial; and that those damages be trebled pursuant to 15 U.S.C. §1117 in view of the willfulness of Defendants' actions;

c) For temporary, preliminary and permanent injunctions, restraining and enjoining Defendants, and their respective and common agents, employees, representatives, servants, successors, assigns, affiliates, and all those acting under its control or the control of any of the foregoing persons and/or on their behalf and/or in concert with them, requiring them to refrain

from using the trademarks "Ivy Coach" and "The Ivy Coach" in advertising, metadata, keyword targeting, sponsored search campaigns, or otherwise in connection with the promotion, marketing, or sale of educational or college counseling services.

      d)    Awarding pre-judgment and post-judgment interest, to the fullest extent allowable at law or in equity, on all damages;

      e)    That Ivy Coach be awarded all of Ivy Coach's costs in this action, including Ivy Coach's reasonable attorneys' fees and expenses;

      f)    That Ivy Coach be awarded such other and further relief as may be deemed just and proper by this Court.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues that may be tried to a jury.

Date: July 18, 2025                          Respectfully submitted,

                                              */s/ Peter Scoolidge*
                                              Peter Scoolidge (PS7107)
                                              *Peter@sprfllp.com*
                                              SCOOLIDGE PETERS RUSSOTTI & FOX LLP
                                              2 Park Avenue – 20th Floor
                                              New York, NY  10016
                                              Tel:  (212) 729-7708

                                              *Attorneys for Plaintiff.*