SCOOLIDGE, PETERS, RUSSOTTI & FOX LLP
Peter Scoolidge
2 Park Avenue, 20th Floor
New York, NY 10016
(212) 729-7708
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IVY COACH INC., | § | Case Number: 1:25-cv-05906 (PKC) |
| *Plaintiff,* | § § § | **SECOND AMENDED COMPLAINT** |
| v. | § § | **ECF Case** |
| CRIMSON EDUCATION (USA) INC and TPR ADMISSIONS COUNSELING, LLC d/b/a "COLLEGEWISE" | § § § § | **Jury Trial Demanded** |
| *Defendant.* | § § § § | |

Plaintiff Ivy Coach Inc. ("Ivy Coach"), by and through its attorneys Scoolidge,

Peters, Russotti & Fox LLP, files this Second Amended Complaint and alleges against

Defendants Crimson Education (USA) Inc. ("Crimson") and TPR Admissions Counseling, LLC

d/b/a "CollegeWise" ("CollegeWise") (collectively, "Defendants") as follows:

**NATURE OF THE ACTION**

1.      This is an action arising from Defendants' trademark infringement and deceptive

acts and practices under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a) and § 1125(c)

and Section 349 of the New York General Business Law.

2.      Ivy Coach is a well-known and well-regarded college admissions consulting

company that has assisted prospective college applicants and their families in the navigation of

elite college admissions for over 30 years.

3.     Ivy Coach has been featured in various news outlets such as The New York Times, The Wall Street Journal, The Washington Post, U.S. News & World Report, NPR, Barron's, Bloomberg, and CNBC.

4.     Ivy Coach's high profile in the space has made it the subject of a high volume of Internet searches on Google's search engine. Consequently, search engine optimization and Google Ads advertising techniques in the space sometimes make use of Ivy Coach's name and trademarks to get higher content rankings in search results.

5.     Defendant Crimson (along with its subsidiary, CollegeWise) is a competitor that also offers college admissions consulting services to students and families navigating the college admissions process.

6.     From approximately October 2024 through in or about June 2025, Defendants knowingly and willfully used Plaintiff's federally registered trademark in Google Ads to divert prospective customers to their services, causing prospective customers to believe that Defendants' services were affiliated with Ivy Coach.

7.     Ivy Coach—and the consumer—have suffered injury as a result of Defendants' unauthorized use of Ivy Coach's trademark. By falsely suggesting an affiliation or endorsement, Defendants have harmed Ivy Coach's reputation, disrupted the integrity of the consumer marketplace, and caused substantial economic damage, including lost business opportunities and revenue.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2201 because this case involves an actual controversy arising under the Lanham Act, 15 U.S.C. §1051, et seq. This Court has supplemental jurisdiction over Ivy Coach's state law claim pursuant to 28 U.S.C. § 1367(a) because it is so related to Ivy Coach's Lanham Act claim that it forms part of the same case or controversy.

9.     The Court has personal jurisdiction over Defendants pursuant to CPLR § 302(a)(3) because Defendants' tortious acts have caused injury to Ivy Coach within New York, and Defendants have otherwise committed acts giving rise to personal jurisdiction under CPLR § 302(a)(3)(i)-(ii).

10.     Venue is proper in this District under 28 U.S.C. §1391(b) because Defendants conduct business in this judicial district and/or a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## PARTIES

11.     Plaintiff Ivy Coach is a Florida corporation with a principal place of business in New York County in the City and State of New York.

12.     Upon information and belief, Defendant Crimson Education (USA) Inc. is a Delaware corporation and a subsidiary of Crimson Consulting Limited, a limited company organized under the laws of Auckland, New Zealand.

13.     Defendant CollegeWise is a California limited liability company with a place of business in Irvine, California.

## FACTUAL BACKGROUND

### *Ivy Coach's Success and Trademark Rights*

14.     Ivy Coach is a college admissions consulting company that was formed over 30 years ago. Its services include college admissions counseling, graduate school admissions counseling, prep/boarding school admissions counseling, and SAT/ACT tutoring.

15.     The Ivy Coach brand and its services are well-known and well-regarded in the college admissions consulting industry. Ivy Coach's valuable brand recognition has resulted in the misappropriation of its intellectual property by third parties seeking to trade on Ivy Coach's reputation and goodwill in order to attract customers to their various business endeavors.

16.     Ivy Coach is the owner of U.S. Trademark Registration No. 85800832 for the mark "THE IVY COACH" and the owner of U.S. Trademark Registration No. 85800920 for the mark

"IVY COACH", both registered for use in connection with college admissions counseling services. Until in or about 2015, Ivy Coach was marketed as The Ivy Coach. Since then, Plaintiff markets its services as Ivy Coach. Plaintiff's services, however, are known and identified in the public by both trademarks interchangeably. The marks have been in continuous use in commerce for over 25 years and have come to represent Ivy Coach's high-quality, individualized consulting services.

17.    As a result of its extensive and exclusive use, substantial advertising efforts, and consistent delivery of services, the **"IVY COACH"** marks have acquired strong source-identifying significance and goodwill in the marketplace. Consumers associate the marks solely with Ivy Coach and its services.

### *Defendant's Infringing Advertising and Trademark Misuse*

18.    Defendants compete directly with Ivy Coach in the field of college admissions consulting. Like many companies in this space, Defendants advertise online using search engine marketing, including paying for their ads to be displayed when users search for specific terms.





19.     While it is not unlawful for competitors to run ads on searches involving a rival's name, it is unlawful to use that rival's trademark in the text of the advertisement (ad copy) or in a manner that is likely to cause consumer confusion.

20.     In or around October 2024, Ivy Coach discovered that advertisements for Crimson and/or CollegeWise appeared when users searched for the term "Ivy Coach" or "The Ivy Coach" on Google. These ads were placed through Google Ads and appeared above or alongside organic results for Ivy Coach.

21.     Upon information and belief, Defendants included Ivy Coach's trademarks in their advertising copy and deliberately caused their ads to appear as if affiliated with Ivy Coach, with the intent to mislead consumers and divert business.

22.     This conduct constitutes commercial use of Ivy Coach's registered trademarks in a manner likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Ivy Coach. Indeed, a consumer searching the term "Ivy Coach" who sees a search hit describing the company that sponsored the ad as "Your Ivy Coach" or with a tagline including "Ivy Coach" is likely to believe that the search hit will lead to Ivy Coach's site.

### *Defendant's Pattern of Misconduct and Cease-and-Desist Communications*

23.     After learning of Defendants' infringing advertisements, Ivy Coach issued a cease-and-desist and settlement demand letter dated **October 23, 2024**, demanding that Defendants cease use of the "Ivy Coach" trademark in any form of advertising, including Google Ads. A true and correct copy of that letter is attached hereto as **Exhibit 1**.

24.     On or about **November 8, 2024**, Defendants responded by email, stating: *"The ad referred to was up for a short time and yielded no results. We consider this matter concluded."* A true and correct copy of that email is attached hereto as **Exhibit 2**.

25.     Because Defendants failed to accept responsibility, cease infringing activity, or provide written assurances of non-recurrence, counsel for Ivy Coach issued a follow-up legal notice dated December 4, 2024, reiterating Ivy Coach's position and formally revoking the prior settlement demand. The letter also documented the Google Ads infringement and related deceptive conduct previously committed by Crimson's founder, Jamie Beaton. A true and correct copy of this letter and its attachments is attached hereto as **Exhibit 3**.

26.     Defendants' misconduct is not limited to recent events. In or about 2014, Jamie Beaton, Crimson's founder, contacted Ivy Coach using a false pretense. He posed as a prospective client inquiring on behalf of a family member (i.e., he pretended to be a parent of a young woman he was dating at the time), when in fact he was a competitor in the process of founding Crimson.

27.     Mr. Beaton engaged in detailed communications with Ivy Coach, attempting to obtain non-public information about its pricing structure, service model, and client engagement process.

28.     At no time did Mr. Beaton disclose his competing interest or his intent to use the information to build a rival company. The information obtained by him under false pretenses was later used to help launch and operate Crimson.

29.     On or about December 10, 2024, Defendants' counsel sent an email in response to Ivy Coach's December 4 letter, stating, without any substance or elaboration, that Defendants had *"addressed the matters raised in the October 23, 2024 letter by way of email reply on or*

*about November 7, 2024,"* that they had *"nothing further to add here,"* and that they *"wholeheartedly reject the allegations of fraud. No intellectual property or proprietary non-public information was obtained or used."* A true and correct copy of that email is attached hereto as **Exhibit 4**.

30.     In or about May 2025, Ivy Coach became aware of new trademark infringement by Defendants, again involving the unauthorized use of Ivy Coach's trademarks in advertising. On or about June 10, 2025, undersigned counsel emailed Defendants' counsel with screenshots of advertising that included the "Ivy Coach" mark. The use of the Plaintiff's mark following its cease-and-desist letter is clear evidence of willful infringement. Plaintiff's email expressly noted that Crimson and CollegeWise had long been on notice of Ivy Coach's intellectual property rights and that there could be no misunderstanding the willfulness of Defendants' misconduct. The email further demanded payment and written assurances that Defendants would permanently cease all use of the "Ivy Coach" name and trademarks, or any variation thereof, in connection with any advertising or promotional activity. A true and correct copy of that email is attached hereto as **Exhibit 5**.

31.     On or about June 16, 2025, Defendants' counsel responded, stating that Defendants did not concede any of the uses identified constituted trademark infringement, and asserted that the advertisements were either inactive or represented *"permissible keyword bidding practices commonly employed in paid search advertising."* The response further claimed that *"any continued pursuit of such claims would, in our view, be disproportionate and unmerited,"* and concluded by stating: *"We consider this matter resolved."* A true and correct copy of that email is attached hereto as **Exhibit 6**. Notably, Defendants' response did not even attempt to justify the use of "Ivy Coach" in the ad copy that appeared in the search hit – ad copy that Defendants wrote and provided as part of the Google Ads advertising arrangement.

### ***Ivy Coach's Damages***

32.     Defendants' unauthorized use of Ivy Coach's trademarks is likely to cause confusion among consumers searching for Ivy Coach's services.

33.     With knowledge of Ivy Coach's strong brand recognition in the college admissions consulting business, Defendants exploited the goodwill and popularity of the Ivy Coach brand to increase traffic to its website and promote its services.

34.     As a result of Defendants' conduct, Ivy Coach has suffered harm in the form of lost business opportunities, decreased market share, damage to its brand integrity and goodwill, and dilution of its trademarks.

35.     The harm to Ivy Coach's business and reputation caused by Defendants' conduct is ongoing and continues to this day.

## FIRST CAUSE OF ACTION
### (Violation of Section 43(a) of the Lanham Act – 15 U.S.C. § 1125(a))

36.     Plaintiff Ivy Coach repeats and re-alleges all paragraphs above as though fully set forth herein.

37.     As set forth above, Defendants have used, in commerce, Ivy Coach's trademarks without authorization, which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Ivy Coach.

38.     Defendants' unauthorized use of the "Ivy Coach" and "The Ivy Coach" trademarks in online advertisements and search engine marketing has the capacity to deceive consumers into believing that Defendants' services are affiliated with, endorsed by, or otherwise connected to Ivy Coach.

39.     By running Google Ads campaigns triggered by searches for "Ivy Coach" and incorporating Ivy Coach's trademark into the ad copy, Defendants have caused advertisements for their services to be displayed in connection with Plaintiff's mark in interstate commerce.

40.     Ivy Coach has suffered injury as a result of Defendants' misleading advertising, including actual consumer confusion, diversion of prospective clients, lost profits, and a dilution of the goodwill associated with Ivy Coach's name and services, in an amount to be proven at trial.

41.    Additionally, Defendants have earned and continue to earn revenue from consumer leads and affiliate engagements that were obtained by misappropriating Ivy Coach's trademarks and misleading consumers as to the source or sponsorship of their services, in an amount to be proven at trial.

42.    Ivy Coach continues to be damaged by Defendants' activities and conduct. Unless Defendants' conduct is enjoined, Ivy Coach and its goodwill and reputation will suffer irreparable injury that cannot be adequately calculated or compensated solely by money damages and for which there is no adequate remedy at law.

<div align="center">

**SECOND CAUSE OF ACTION**
**(Violation of Section 43(c) of the Lanham Act – 15 U.S.C. § 1125(c))**

</div>

43.    Plaintiff Ivy Coach repeats and re-alleges all paragraphs above as though fully set forth herein.

44.    Defendants have used Ivy Coach's well-known trademark in online advertising, paid search campaigns, and marketing materials, without Plaintiff's authorization.

45.    Defendants' unauthorized use of Ivy Coach's trademark in advertising and search engine ad copy is likely to cause dilution of the distinctive quality of Ivy Coach's distinctive marks by blurring its unique association with Plaintiff's services and/or by tarnishing its reputation through misleading associations.

46.    Ivy Coach has suffered and continues to suffer irreparable harm to the strength and distinctiveness of its marks as a result of Defendants' dilution, and such harm cannot be adequately remedied by monetary damages alone.

<div align="center">

**THIRD CAUSE OF ACTION**
**(Violation of Section 349 of the New York General Business Law)**

</div>

47.    Plaintiff Ivy Coach repeats and re-alleges all paragraphs above as though fully set forth herein.

48.    As set forth above, Defendants have engaged in deceptive acts and practices by using Ivy Coach's trademark in online advertising in a manner likely to mislead consumers into

believing there is an affiliation, connection, or endorsement between Defendants and Ivy Coach when there is not.

49.     Defendants' deceptive acts are directed at consumers because they involve public-facing advertisements designed to appear in search engine results for "Ivy Coach," a term widely known to represent Plaintiff's brand.

50.     These deceptive practices are likely to mislead a reasonable consumer acting reasonably under the circumstances by implying that Defendants' services are those of, or endorsed by, Ivy Coach.

51.     Defendants' conduct affects the public interest in New York because, upon information and belief, New York consumers searching for Ivy Coach have been and will be exposed to these misleading advertisements, causing confusion.

52.     Ivy Coach has suffered injury as a result of Defendants' deceptive conduct both by the loss of potential clients and by a lessening of the goodwill associated with Ivy Coach's services, in an amount to be determined at trial.

53.     Additionally, Defendants have received revenue and commercial benefit from search-based advertisements targeting consumers in an amount to be determined at trial.

<div align="center">

**PRAYER FOR RELIEF**

</div>

**WHEREFORE**, Ivy Coach respectfully requests that this Court enter a judgment:

a)     Finding Defendants have violated Section 43(a) and 43(c) of the Lanham Act (15 U.S.C. § 1125 (a) and § 1125(c)), and Section 349 of the New York General Business Law;

b)     Awarding damages in an amount to be determined at trial; and that those damages be trebled pursuant to 15 U.S.C. §1117 in view of the willfulness of Defendants' actions;

c)     For temporary, preliminary and permanent injunctions, restraining and enjoining Defendants, and their respective and common agents, employees, representatives, servants, successors, assigns, affiliates, and all those acting under its control or the control of any of the foregoing persons and/or on their behalf and/or in concert with them, requiring them to refrain

from using the trademarks "Ivy Coach" and "The Ivy Coach" in advertising, metadata, keyword targeting, sponsored search campaigns, or otherwise in connection with the promotion, marketing, or sale of educational or college counseling services.

d)      Awarding pre-judgment and post-judgment interest, to the fullest extent allowable at law or in equity, on all damages;

e)      That Ivy Coach be awarded all of Ivy Coach's costs in this action, including Ivy Coach's reasonable attorneys' fees and expenses;

f)      That Ivy Coach be awarded such other and further relief as may be deemed just and proper by this Court.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues that may be tried to a jury.

Date: September 12, 2025                      Respectfully submitted,

*/s/ Peter Scoolidge*
Peter Scoolidge (PS7107)
*Peter@sprfllp.com*
SCOOLIDGE PETERS RUSSOTTI & FOX LLP
2 Park Avenue – 20th Floor
New York, NY 10016
Tel: (212) 729-7708

*Attorneys for Plaintiff.*

# Exhibit 1

# IVY COACH

## <u>CEASE & DESIST AND SETTLEMENT DEMAND - TRADEMARK VIOLATION</u>

Ms. Anjali Bhatia
CollegeWise
3636 Birth Street
Suite 220
Newport Beach, CA 92660
www.collegewise.com
info@collegewise.com

October 23, 2024

Dear Ms. Bhatia:

It has come to our attention that you are violating the trademark of Ivy Coach for the online promotional purposes of your college consulting business, "CollegeWise."

As the leading college consulting company in the world, Ivy Coach is deeply committed to protecting our trademark ([#85800832 for The Ivy Coach](#)) and to ensuring that your confusion of our brand in your company's Google Ads campaign in which you divert traffic to your college counseling company by marketing Ivy Coach's express trademark and the name by with Ivy Coach, Inc. operated for over 25 years before operating as Ivy Coach, ceases immediately as it has already caused great damage to Ivy Coach's business.

The purpose of this communication is to reach a fair settlement in the matter. Within 14 days of the date of this email, please take the following actions:

- You must immediately cease and desist operating in violation of Ivy Coach's trademark and remove any and all content that violates Ivy Coach's trademark — including but not limited to your website, social media, news sites, and Google Ads campaigns.

- You must notify me in writing of the removal of this content. This communication should be sent to legal@ivycoach.com

- You must cease, in perpetuity, all Google Ads from running on Ivy Coach and The Ivy Coach-related searches. While you had a right to run ads on Ivy Coach and The Ivy Coach-related direct searches before infringing Ivy Coach's trademark, settlement is now contingent on your agreeing to cease running any such Ads.

- You must compensate Ivy Coach for the time in which you violated the express trademark of Ivy Coach. Ivy Coach retains screen grabs of the violations of our trademarks, a sampling of which we've included as attachments to this email, which we retain for our records — all of which are also available through the WayBack Machine, the enduring archives of the internet which will remain after you remove the infringing content.

Below is a Settlement Demand for the infringement of Ivy Coach's trademark. To avoid further action, payment must be received by Ivy Coach within 14 days of this communication. Please follow the remittance instructions included on the below Settlement Demand.

Remember that ceasing use of Ivy Coach's trademark does not release you or your company of its responsibility to pay for the infringements and cease your Google Ads campaign on Ivy Coach and The Ivy Coach-related direct searches in perpetuity. We are willing to discuss the circumstances surrounding this matter; however, with no exception, Ivy Coach fully expects to be compensated for the infringement of our mark and we fully expect you to cease running all ads on Ivy Coach and The Ivy Coach-related direct searches in perpetuity.

Ivy Coach has a history of enforcing our intellectual property. We suggest you read about our case vs. College Connections and Tier One Tutors or our case against Lehren Education or our case against John Doe Corporation.

It should be noted that we will not accept any excuses for the infringement of our mark -- including but not limited to "my web developer did it" or "my Google Ads advisor did it as a mistake," etc. These people acted as your representatives. It is you who are responsible.

You should also note that once payment is received and once the Google Ads campaign ceases on Ivy Coach and The Ivy Coach-related searches, this does not permit you or your firm to infringe upon Ivy Coach's trademark. Ivy Coach, upon request, will draw up the Settlement Release. We anticipate your prompt response.

This communication is for settlement purposes only. We reserve all of our rights under law.

Sincerely,


Ivy Coach Legal

## **Settlement Demand**

Payment Due _____ $25,000

By November 6, 2024, please be sure to remit payment of $25,000 as compensation for your trademark infringement to the following address:

Ivy Coach, Inc.
515 E. 72nd Street
Suite 34E
New York, NY 10021

212-600-0312 | ashley@ivycoach.com
ivycoach.com

**Sponsored**



Collegewise
https://go.collegewise.com    ⋮

## The Ivy Coach - The Most Trusted Counsellors

9 of 10 families recoommend us. We provide 1-1 college application guidance for every step

★★★★½ Rating for collegewise.com: 4.6 - 31 reviews

📍 88 Semmens Road, Harrington Park, New Jersey - +1 201-256-1742 - Open today · 9:00A…


**Sponsored**



Ivy Coach
https://www.ivycoach.com › get › started    ⋮

## Ivy League Admissions Coaching

**Ivy Coach** — Form a game plan with **Ivy Coach's** former top college admissions officers. Book a consultation now to learn how your child can stand out as wonderfully weird.

Meet Ivy Coach Leadership · Client Testimonials · Free Consultation · Ivy League Statistics

# Exhibit 2



**Harry Rillstone <h.rillstone@crimsoneducation.org>**

---

## Re: CollegeWise - Cease & Desist and Settlement Demand: Trademark Infringement
1 message

---

**Legal Team** <legal@collegewise.com>      Fri, Nov 8, 2024 at 4:52 PM
To: legal@ivycoach.com
Bcc: Anjali Bhatia <anjalib@collegewise.com>, Sanne Berkman <s.berkman@crimsoneducation.org>

Dear Ivy Coach Legal,

Reference is made to your correspondence of October 23, 2024.

The ad referred to was up for a short time and yielded no results.

We consider this matter concluded.

**Legal Team**
**e:** legal@collegewise.com
**w:** collegewise.com



---

**2 attachments**


**CollegeWise (Anjali Bhatia) - Cease & Desist and Settlement Demand - Trademark Infringement.pdf**
243K


**Exhibit A - CollegeWise Trademark Infringement.pdf**
146K

# Exhibit 3

# Scoolidge, Peters, Russotti & Fox, LLP

Peter Scoolidge
2 Park Avenue, 20th Fl.
New York, NY 10016
(212) 729-7708
peter@sprfllp.com

December 4, 2024

anjalib@collegewise.com
KevinM@collegewise.com
J.Beaton@crimsoneducation.org
info@crimsoneducation.org
usa@crimsoneducation.org

Jamie Beaton
Crimson Consulting Limited

Anjali Bhatia
CollegeWise

3636 Birth Street, Suite 220
Newport Beach, CA 92660

**Attn: Legal Department**

Re: <u>**Lanham Act Violations – Fraud Claims**</u>

Greetings:

      We are counsel for Ivy Coach, Inc. ("Ivy Coach"), a company that provides college admission counseling services and is a competitor of Crimson Education and/or its subsidiary, affiliate, or alter ego CollegeWise ("Crimson"). I write with reference to Ivy Coach's October 23, 2024 correspondence (Exhibit A) to you giving notice of Lanham Act violations committed by Crimson in connection with use of the trademark "Ivy Coach" appearing in Crimson's advertising copy that appears when the term "Ivy Coach" or variations thereof are searched on Google. Such use of the trademark has caused and continues to cause consumer confusion regarding Crimson's affiliation with Ivy Coach and thus has damaged Ivy Coach's goodwill and is properly the subject of an injunction. If Crimson does not immediately cease and desist from running advertisements on "Ivy Coach" as demanded in my client's correspondence to Crimson, this firm will be seeking such injunctive relief promptly.

      Perhaps more troubling than the Lanham Act violations, in the course of investigating Crimson's trademark infringement and business structure I have become aware of a fraud perpetrated by Crimson's founder Jamie Beaton in or around 2014. The attached email correspondence shows that Mr. Beaton, falsely pretending to inquire about Ivy Coach's services

# Scoolidge, Peters, Russotti & Fox, LLP

Peter Scoolidge
2 Park Avenue, 20th Fl.
New York, NY 10016
(212) 729-7708
peter@sprfllp.com

December 4, 2024

on behalf of his Crimson co-founder and ex-girlfriend, Sharndre Kushor, in order to gain non-public information about Ivy Coach's services and pricing (Exhibit B). Shockingly, Mr. Beaton represented Ms. Kushor to be his family member when in fact they were co-founders of a competing business. In conjunction with the Lanham Act violations mentioned above, it is clear that Crimson has violated multiple laws and rights of Ivy Coach in its efforts to clone Ivy Coach's business and to profit from Ivy Coach's intellectual property and proprietary non-public information. Accordingly, Ivy Coach intends to file suit against Crimson and its founders with the damages being based on the value Crimson has attained using the ill-gotten Ivy Coach goodwill and proprietary information.

**I hereby revoke Ivy Coach's offer to settle this matter set forth in its earlier correspondence. Please contact the undersigned by email at peter@sprfllp.com no later than one week from the date of this letter to confirm that you are in compliance with the cease and desist demand to refrain from using "Ivy Coach" or "The Ivy Coach" in advertising copy, as well as using those terms in any advertising service, including but not limited to any activity that would result in Crimson appearing in any search for those trademarked terms. Further, unless Crimson wishes to appear in court and defend an action brought under the Lanham Act and common law fraud claims, Ivy Coach demands a payment of $500,000.00 to release those claims against Crimson and its founders.**

The above is not an exhaustive statement of all the relevant facts and law. Ivy Coach expressly reserves all of its legal and equitable rights and remedies, including the right to seek injunctive relief and recover monetary damages. You are on notice that any and all records, documents, and/or communications related to the above topics are likely to be used in litigation and you should forbear from deleting any such materials and suspend any document management or deletion policies currently in effect.

Sincerely,

Peter Scoolidge

2

# Exhibit A

# IVY COACH

**CEASE & DESIST AND SETTLEMENT DEMAND - TRADEMARK VIOLATION**

Ms. Anjali Bhatia
CollegeWise
3636 Birth Street
Suite 220
Newport Beach, CA 92660
www.collegewise.com
info@collegewise.com

October 23, 2024

Dear Ms. Bhatia:

It has come to our attention that you are violating the trademark of Ivy Coach for the online promotional purposes of your college consulting business, "CollegeWise."

As the leading college consulting company in the world, Ivy Coach is deeply committed to protecting our trademark (#85800832 for The Ivy Coach) and to ensuring that your confusion of our brand in your company's Google Ads campaign in which you divert traffic to your college counseling company by marketing Ivy Coach's express trademark and the name by with Ivy Coach, Inc. operated for over 25 years before operating as Ivy Coach, ceases immediately as it has already caused great damage to Ivy Coach's business.

The purpose of this communication is to reach a fair settlement in the matter. Within 14 days of the date of this email, please take the following actions:

- You must immediately cease and desist operating in violation of Ivy Coach's trademark and remove any and all content that violates Ivy Coach's trademark — including but not limited to your website, social media, news sites, and Google Ads campaigns.

- You must notify me in writing of the removal of this content. This communication should be sent to legal@ivycoach.com

- You must cease, in perpetuity, all Google Ads from running on Ivy Coach and The Ivy Coach-related searches. While you had a right to run ads on Ivy Coach and The Ivy Coach-related direct searches before infringing Ivy Coach's trademark, settlement is now contingent on your agreeing to cease running any such Ads.

- You must compensate Ivy Coach for the time in which you violated the express trademark of Ivy Coach. Ivy Coach retains screen grabs of the violations of our trademarks, a sampling of which we've included as attachments to this email, which we retain for our records — all of which are also available through the WayBack Machine, the enduring archives of the internet which will remain after you remove the infringing content.

Below is a Settlement Demand for the infringement of Ivy Coach's trademark. To avoid further action, payment must be received by Ivy Coach within 14 days of this communication. Please follow the remittance instructions included on the below Settlement Demand.

Remember that ceasing use of Ivy Coach's trademark does not release you or your company of its responsibility to pay for the infringements and cease your Google Ads campaign on Ivy Coach and The Ivy Coach-related direct searches in perpetuity. We are willing to discuss the circumstances surrounding this matter; however, with no exception, Ivy Coach fully expects to be compensated for the infringement of our mark and we fully expect you to cease running all ads on Ivy Coach and The Ivy Coach-related direct searches in perpetuity.

Ivy Coach has a history of enforcing our intellectual property. We suggest you read about our case vs. College Connections and Tier One Tutors or our case against Lehren Education or our case against John Doe Corporation.

It should be noted that we will not accept any excuses for the infringement of our mark -- including but not limited to "my web developer did it" or "my Google Ads advisor did it as a mistake," etc. These people acted as your representatives. It is you who are responsible.

You should also note that once payment is received and once the Google Ads campaign ceases on Ivy Coach and The Ivy Coach-related searches, this does not permit you or your firm to infringe upon Ivy Coach's trademark. Ivy Coach, upon request, will draw up the Settlement Release. We anticipate your prompt response.

This communication is for settlement purposes only. We reserve all of our rights under law.

Sincerely,


Ivy Coach Legal

## **Settlement Demand**

Payment Due _____ $25,000

By November 6, 2024, please be sure to remit payment of $25,000 as compensation for your trademark infringement to the following address:

<div align="center">

Ivy Coach, Inc.
515 E. 72nd Street
Suite 34E
New York, NY 10021

</div>

<div align="center">

212-600-0312 | ashley@ivycoach.com
ivycoach.com

</div>

Sponsored

Collegewise

https://go.collegewise.com ⋮

# The Ivy Coach - The Most Trusted Counsellors

9 of 10 families recoommend us. We provide 1-1 college application guidance for every step

★★★★★ Rating for collegewise.com: 4.6 - 31 reviews

♥ 88 Semmens Road, Harrington Park, New Jersey - +1 201-256-1742 - Open today · 9:00A....

Sponsored

 Ivy Coach

https://www.ivycoach.com › get › started ⋮

# Ivy League Admissions Coaching

**Ivy Coach** — Form a game plan with **Ivy Coach's** former top college admissions officers. Book a consultation now to learn how your child can stand out as wonderfully weird.

Meet Ivy Coach Leadership · Client Testimonials · Free Consultation · Ivy League Statistics

# Exhibit B



Brian Taylor <brian@ivycoach.com>

## Fwd: The Ivy Coach I Sharndre Kushor



On Wed, Aug 13, 2014 at 2:29 PM, The Ivy Coach <Director@theivycoach.com> wrote:
Jamie,
As I mentioned previously when I said, that we wouldn't take on your sister as an unlimited case, and that "we wish your sister the best of luck," I might have been a tad too subtle that you didn't get it. In any event, we are not interested in working with you or your sister. Good luck!

~Bev
Bev Taylor
The Ivy Coach®
www.theivycoach.com
515 East 72nd Street, New York, NY 10021
P: (212) 600-0312 ~ F: (646) 778-3702

On Aug 13, 2014, at 3:43 PM, Jamie Beaton <jamiebeaton@college.harvard.edu> wrote:

Hi Bev,
I would like to know how your process is different to standard admissions consulting companies and how you add the value that these firms you don't compete with don't have. I am not realistically going to send someone $2500 before I even know where the advantage comes from. Also, isn't your hourly rate $995? so isnt 2.5 hours $2487.50?

If you re-read your emails to me you told me nothing about your process or candidacy support, merely that you don't compete with anyone and are a member of a bunch of organizations.

Cheers,
Jamie

On Wed, Aug 13, 2014 at 3:23 PM, The Ivy Coach <Director@theivycoach.com> wrote:
Hi Jamie,
Not sure what you mean by initial consultation. I feel as though my responses in these two emails have covered anything that we would discuss in a free 20 minute consultation. Besides, our free consultation is just to answer general questions. If you would like to start with a serious evaluation that limits your commitment we can do this in a 2.5 hour session for $2,500.

Let me know if you're interested and I'll send you a list of documents / info we'll need.

~Bev
Bev Taylor
The Ivy Coach®
www.theivycoach.com
515 East 72nd Street, New York, NY 10021
P: (212) 600-0312  ~  F: (646) 778-3702

On Aug 13, 2014, at 3:15 PM, Jamie Beaton <jamiebeaton@college.harvard.edu> wrote:

Hi Bev,
Okay, you've convinced me. How does she schedule an initial consultation?
When is your next available time?

Cheers,
Jamie

On Wed, Aug 13, 2014 at 3:09 PM, The Ivy Coach <Director@theivycoach.com>
wrote:
Please scroll down for my responses.

~Bev
Bev Taylor
The Ivy Coach®
www.theivycoach.com
515 East 72nd Street, New York, NY 10021
P: (212) 600-0312  ~  F: (646) 778-3702

On Aug 13, 2014, at 2:41 PM, Jamie Beaton <jamiebeaton@college.harvard.
edu> wrote:

Hi Bev,
Okay thank you for your reply. I have read and digested this. I
have a few questions:

1. Client confidentiality is of supreme importance. When I spoke
to Dr Hernandez she said that she does not disclose her client's
name because it is unfavourable to them as it looks a lot
stronger to not be associated with companies like these. She
clearly has thousands of results as you do so I don't see much
into whether this is a relevant discerning factor although I am
little bit skeptical as to why these students are willing to have
their names plastered all over the internet - We too consider
client confidentiality paramount. However, if a student or parent
is willing to write a testimonial using their real names we're not
about to discourage them. And yes, I would expect that Michelle
would say that.

2. These accrediting companies mean very little to my family. Companies like the University of Phoenix are utterly toxic in education and come plastered with all kinds of such qualifications. My interest in the exact differentiating factors between your two services refer to your exact techniques, guidance and students. I find this somewhat insulting. I'm not sure why you're referencing the University of Phoenix here, but NACAC and IECA have very strict guidelines for membership, and the fact that Michelle Hernandez is not a member of either organization should be a red flag to any potential client.

3. As I assume you don't disclose your full results to every media company, getting such speaking events and coverage is more a feat of PR and marketing rather than the quality of a service. McKinsey does not appear in every second article on consulting but they have a global reputation for expertise based on client results. No - you're wrong. Doing annual presentations at Columbia, Johns Hopkins, the Scholarship Coordination Office in Abu Dhabi, and the Ministry of Education of the People's Republic of China in Nanjing and Beijing don't happen because of PR. They happen because of the quality of our work and the reputation we've earned. They also are repeated because they turn into standing-room only events. I am interested in hearing about your differentiation factor in helping Sharndre not in marketing. We would not do this unless we were to schedule an evaluation.

4. Sharndre is in Junior Year so are you saying there are no unlimited packages left for next year? We are very much interested in locking in as much as your personal attention as possible. Can you let me know the ratio of you to your unlimited students?

5. Where is the marginal difference in value between consultants like Veritas Prep at $350 an hour and you guys at $995? Veritas Prep is not our competition, and neither is Michelle Hernandez. We can charge $995 an hour because that's what our clients are willing to pay for the services we provide.

Thank you for your super fast reply, I look forward to getting my nerves quelled a little bit more with some direct responses and we can get things moving.

We wish your sister the best of luck!

Cheers,
Jamie

On Wed, Aug 13, 2014 at 2:33 PM, The Ivy Coach
<Director@theivycoach.com> wrote:
   Hi Jamie,
   Glad to hear that you were referred by your Harvard friends!
   It's likely that we helped them get into Harvard, but we
   wouldn't expect them to tell you that, and that's fine!

   At this point we're not taking on any additional seniors for the
   unlimited package. However, you might want to think about

starting with our 20 hour package for $19,750 and going from there if necessary. And to answer your other question....while I work with my team, I also work directly with our students.

In regard to Michelle Hernandez's company...it is in no way similar to The Ivy Coach, and neither are any other college consulting companies. We are the premier college consulting company in the world and if you don't want to take our word for this, then just take a quick look at our press articles. The number of reporters who have asked for our opinion should be enough to show you how we are the real experts in this field. See our press articles - click on each logo and in many cases you will see multiple articles from that particular media source. In total, we have over a hundred press articles. No other college consulting company comes even close. Also look at our speaking engagements page - Columbia University, Johns Hopkins University, the Scholarship Coordination Office in Abu Dhabi, and the Ministry of Education of the People's Republic of China in Nanjing and Beijing as well as private corporations, would not ask us to speak at their events if we weren't world recognized.

Furthermore, no other college consulting company has testimonials from actual clients with first and last names and city and states. The names / signatures on Hernandez' multiple testimonial pages http://www. hernandezcollegeconsulting.com/testimonials/ - say "Parents of student accepted to University of Pennsylvania/Cornell/ Washington University" or "Student - Stanford Early Action." Does it really matter what the testimonial says if there are no real names? We think not for anyone can write anything about themselves!

Do yourself a favor and when looking for a college consulting company be sure that the director is a member of both NACAC (National Association for College Admission Counseling) and IECA (Independent Educational Consultants Association). These are the two governing organizations for independent college counselors. You'll see the logos for these organizations on the company website if the director is a member. The NACAC and IECA logos are at the bottom of every page of The Ivy Coach's website. You can also go to IECA's website - http://www.iecaonline.com/cfm_PublicSearch/pg_ PublicSearch.cfm?mode=entry - and put Michelle Hernandez in the search box at the bottom. You'll see she's NOT listed. Then put Bev Taylor in that same box. Since as a non member you can't search for a college consultant on the NACAC website, I did the search for you - see the attached two documents. On one page you'll see Hernandez' name is NOT listed, and on the other page you'll see Bev Taylor, The Ivy Coach, IS listed.

But I'm not going to try to convince you about how The Ivy Coach delivers. We just do. We never have to prove ourselves to prospective clients, and we don't try to. Of course our results over the past 20 years have proven our expertise. "Over the last 20 years 100% of our students were accepted to one of their top 3 choices and 93% of our students were accepted to their first college choice."

~Bev

**Bev Taylor**
**The Ivy Coach®**
www.theivycoach.com

515 East 72nd Street, New York, NY 10021

P: (212) 600-0312  ~  F: (646) 778-3702

On Aug 13, 2014, at 12:29 PM, Jamie Beaton
<jamiebeaton@college.harvard.edu> wrote:

> Hi Bev,
> Sharndre is very committed to getting into a top-
> tier school. We are very flexible in terms of
> package options and only want to make sure
> she gets the very best support. I was referred to
> your service by a few Harvard friends of mine
> who know of The Ivy Coach.
>
> Can you let me know how much the unlimited
> package is for 10 schools? Furthermore, does
> Sharndre spend the entire time working with you
> or some other counselor? If it is with you, how
> many students do you work with on an ongoing
> basis i.e. what will the ratio be of students to
> you.
>
> We want to make a decision regarding our
> admissions consultant ASAP and are looking
> into you guys and Hernandez Consulting which
> is another firm at a lower price point to you guys
> so I would also appreciate a direct comparison
> as to why we should choose you guys.
>
> Cheers,
> Jamie Beaton

> On Wed, Aug 13, 2014 at 11:58 AM, The Ivy
> Coach <Director@theivycoach.com> wrote:
>> Hi Sharndre,
>> Thanks for contacting The Ivy Coach!
>>   Through Skype, phone, email and, if
>> possible, face-to-face meetings, we work with
>> students from across the country and around
>> the globe, so distance is never an issue. Our
>> work covers all aspects of the college
>> admissions process.
>>
>> We would be happy to help you as you seek
>> to gain admission to the colleges of your
>> choice. We offer a free consultation and if you
>> would like to set one up, just email me some
>> dates and times when both you and your
>> parent are available. So that you know in
>> advance, I've included some information about
>> The Ivy Coach as well as our fee structure.
>>
>> Our fees for college consulting vary depending
>> upon the package that you select:  Our rates
>> are $995 per hour, and $19,750 for a 20 hour
>> package. We also offer an unlimited
>> package.

Additionally, we offer tutoring for the SAT, ACT, Subject Tests, AP exams, etc. Our experienced tutors are all graduates of Ivy League colleges, are experts in their fields, and have been able to help our students achieve significant increases in their standardized test scores. Our hourly fee for individual tutoring is $375, and a 20 hour tutoring package is $7,200.

If you haven't already done so, be sure to peruse our website to learn more about the highly competitive college admissions process via our blogs, videos, newsletters, and the published articles from The New York Times, US News and World Report, The Wall Street Journal, and many more in which we're featured. You can sign up for our monthly newsletter here. Also make sure you review our services page, which describes each of our consulting packages in detail.

Once again, if you're interested in our free consultation, we ask that you email us dates and times that are convenient for both you and your parent.

~Bev

P.S. If you do nothing else right now, you might consider having us put together a plan for this coming year so that you are sure to fill in any gaps that you may have (that you may not even know about) and make sure your list of colleges is appropriate. In doing this we would come up with a strategy (both academic and extracurricular) that will make you as competitive as you can be to the colleges and universities to which you apply. And of course, you also might want us to review your Common App. and supplemental essays if you've written them, or get you started on writing them if you haven't already done so.

Bev Taylor
The Ivy Coach®
www.theivycoach.com
515 East 72nd Street, New York, NY 10021
P: (212) 600-0312 ~ F: (646) 778-3702


On Aug 13, 2014, at 11:40 AM, Sharndre Kushor <jamiebeaton@college.harvard.edu> wrote:


**Name of Student:**

Sharndre Kushor

**Gender:**

Male

**Name or Parent:**

Paula Beaton

**Form Is Completed By:**

Student

**Email:**

jamiebeaton@college.harvard.
edu

**Phone Number:**

642102627728

**City:**

Auckland

**Country:**

New Zealand

**Current Year In School:**

High School - Senior

**Year of High School
Graduation**

2015

--

Harvard College
AB/MS (Applied Mathematics-Economics)

--

Harvard College
AB/MS (Applied Mathematics-Economics)
Education Consultant, Crimson Consulting

--

Harvard College
AB/MS (Applied Mathematics-Economics)
Education Consultant, Crimson Consulting

--

Harvard College
AB/MS (Applied Mathematics-Economics)
Education Consultant, Crimson Consulting

# Exhibit 4



## Fwd: Ivy Coach - Lawsuit

**Peter Scoolidge** &lt;peter@sprfllp.com&gt;
To: Brian Taylor &lt;brian@ivycoach.com&gt;
Cc: Margaret Scoolidge &lt;margaret@sprfllp.com&gt;

Tue, Dec 10, 2024 at 3:55 PM

---------- Forwarded message ---------
From: **Harry Rillstone** <h.rillstone@crimsoneducation.org>
Date: Tue, Dec 10, 2024 at 3:54 PM
Subject: Re: Ivy Coach - Lawsuit
To: <peter@sprfllp.com>

Hi Peter

I am in receipt of your letter of 4 December 2024. Our reply as follows:

1. We addressed the matters raised in the October 23, 2024 letter by way of email reply on or about November 7, 2024.  We have nothing further to add here.
2. We wholeheartedly reject the allegations of fraud. No intellectual property or proprietary non-public information was obtained or used.

Kind Regards,
Harry



**Harry Rillstone**
Director, Legal and Compliance | New Zealand
— —

**P** +64 9 282 3237 | **M** +64 21 667 895 | **E**  h.rillstone@crimsoneducation.org

Level 3 | 18 Stanley Street | Auckland 1010 | New Zealand

crimsoneducation.org



This email may be confidential and/or protected by legal privilege. Disclosure, copying, distribution and use are prohibited. If you are not the intended recipient, please notify me immediately and delete this email.

# Exhibit 5


## Re: Ivy Coach - Lawsuit

**Peter Scoolidge** &lt;peter@sprfllp.com&gt;                                   Mon, Jun 9, 2025 at 12:49 PM
To: Harry Rillstone &lt;h.rillstone@crimsoneducation.org&gt;

Dear Mr. Rillstone,

I write with reference to previous correspondence, which is attached hereto.  Further, Ivy Coach has become aware of new trademark infringement since I last corresponded about this matter - particularly the attached search result showing use of the trademark "Ivy Coach" in your ad copy.  This is willful infringement and Ivy Coach is preparing to file suit and will seek the highest measure of damages available, as well as attorneys' fees.  Crimson and CollegeWise have been on notice of the violations of Ivy Coach's intellectual property rights and theft of its goodwill for an extended period, and thus there can be no misunderstanding about the infringements committed by your organization.

Unless you agree to pay Ivy Coach the sum of $150,000.00, and to promise unequivocally in writing to refrain from using "Ivy Coach" or any variation thereof for any purpose, no later than June 20, 2025, I will be serving your organization with a summons and complaint and also moving for a temporary restraining order at the commencement of the action.  Reserving all rights.

Regards,
Peter Scoolidge
Scoolidge Peters Russotti & Fox, LLP
2 Park Avenue - 20th Floor
New York, NY 10016
Office:  (212) 729-7708
Cell:     (914) 443-8187


---------- Forwarded message ---------
From: **Harry Rillstone** &lt;h.rillstone@crimsoneducation.org&gt;
Date: Wed, Dec 11, 2024 at 4:23 PM
Subject: Re: Ivy Coach - Lawsuit
To: Peter Scoolidge &lt;peter@sprfllp.com&gt;


Hi Peter,

Please find **attached**.

Kind Regards,



**Harry Rillstone**

Director, Legal and Compliance | New Zealand

——

**P** +64 9 282 3237 | **M** +64 21 667 895 | **E** h.rillstone@crimsoneducation.org

Level 3 | 18 Stanley Street | Auckland 1010 | New Zealand

crimsoneducation.org



This email may be confidential and/or protected by legal privilege. Disclosure, copying, distribution and use are prohibited. If you are not the intended recipient, please notify me immediately and delete this email.

On Thu, Dec 12, 2024 at 4:19 AM Peter Scoolidge <peter@sprfllp.com> wrote:
  Please send me the email response- my client did not receive it.  Reserving all rights.

  Peter Scoolidge
  Scoolidge Peters Russotti & Fox, LLP
  2 Park Avenue - 20th Floor
  New York, NY 10016
  Office:  (212) 729-7708
  Cell:     (914) 443-8187

On Tue, Dec 10, 2024 at 3:54 PM Harry Rillstone <h.rillstone@crimsoneducation.org> wrote:
  Hi Peter

  I am in receipt of your letter of 4 December 2024. Our reply as follows:

  1. We addressed the matters raised in the October 23, 2024 letter by way of email reply on or about November 7, 2024.  We have nothing further to add here.
  2. We wholeheartedly reject the allegations of fraud. No intellectual property or proprietary non-public information was obtained or used.

  Kind Regards,
  Harry



**Harry Rillstone**

Director, Legal and Compliance | New Zealand

— —

**P** +64 9 282 3237 | **M** +64 21 667 895 | **E**  h.rillstone@crimsoneducation.org

Level 3 | 18 Stanley Street | Auckland 1010 | New Zealand

crimsoneducation.org



This email may be confidential and/or protected by legal privilege. Disclosure, copying, distribution and use are prohibited. If you are not the intended recipient, please notify me immediately and delete this email.

**3 attachments**

 **Exhibit A - Trademark Infringement.pdf**
239K

 **Crimson Education -  Trademark Infringement - 6-7-25.pdf**
82K

**2024-12-04 Ivy Coach Notice Letter (1).pdf**
1080K

# Exhibit 6


# Re: Ivy Coach - Lawsuit

**Harry Rillstone** <h.rillstone@crimsoneducation.org>
To: Peter Scoolidge <peter@sprfllp.com>
Cc: Legal Team <legalteam@crimsoneducation.org>

Mon, Jun 16, 2025 at 10:01 PM

Dear Mr. Scoolidge,

Thank you for your email and patience while I discussed with the respective teams.

We do not concede that any of the uses referenced in your email constitute trademark infringement. The advertisements in question are either no longer active or relate to permissible keyword bidding practices commonly employed in paid search advertising.

In the circumstances, we do not accept that any claim for damages or other remedies is justified. Any continued pursuit of such claims would, in our view, be disproportionate and unmerited. We consider this matter resolved.

No admission of liability is made in respect of any allegation contained in your correspondence, and all rights expressly reserved.

Kind Regards,



**Harry Rillstone**

Director, Legal and Compliance | New Zealand

—

**P** +64 9 282 3237 | **M** +64 21 667 895 | **E** h.rillstone@crimsoneducation.org

Level 3 | 18 Stanley Street | Auckland 1010 | New Zealand

crimsoneducation.org

  

This email may be confidential and/or protected by legal privilege. Disclosure, copying, distribution and use are prohibited. If you are not the intended recipient, please notify me immediately and delete this email.

On Tue, Jun 10, 2025 at 4:49 AM Peter Scoolidge <peter@sprfllp.com> wrote:
  Dear Mr. Rillstone,

I write with reference to previous correspondence, which is attached hereto. Further, Ivy Coach has become aware of new trademark infringement since I last corresponded about this matter - particularly the attached search result showing use of the trademark "Ivy Coach" in your ad copy. This is willful infringement and Ivy Coach is preparing to file suit and will seek the highest measure of damages available, as well as attorneys' fees. Crimson and CollegeWise have been on notice of the violations of Ivy Coach's intellectual property rights and theft of its goodwill for an extended period, and thus there can be no misunderstanding about the infringements committed by your organization.

Unless you agree to pay Ivy Coach the sum of $150,000.00, and to promise unequivocally in writing to refrain from using "Ivy Coach" or any variation thereof for any purpose, no later than June 20, 2025, I will be serving your organization with a summons and complaint and also moving for a temporary restraining order at the commencement of the action. Reserving all rights.

Regards,
Peter Scoolidge
Scoolidge Peters Russotti & Fox, LLP
2 Park Avenue - 20th Floor
New York, NY 10016
Office: (212) 729-7708
Cell:    (914) 443-8187


---------- Forwarded message ---------
From: **Harry Rillstone** <h.rillstone@crimsoneducation.org>
Date: Wed, Dec 11, 2024 at 4:23 PM
Subject: Re: Ivy Coach - Lawsuit
To: Peter Scoolidge <peter@sprfllp.com>


Hi Peter,

Please find **attached**.

Kind Regards,



**Harry Rillstone**
Director, Legal and Compliance | New Zealand
— —

**P** +64 9 282 3237 | **M** +64 21 667 895 | **E**  h.rillstone@crimsoneducation.org

Level 3 | 18 Stanley Street | Auckland 1010 | New Zealand

crimsoneducation.org


This email may be confidential and/or protected by legal privilege. Disclosure, copying, distribution and use are prohibited. If you are not the intended recipient, please notify me immediately and delete this email.

On Thu, Dec 12, 2024 at 4:19 AM Peter Scoolidge <peter@sprfllp.com> wrote:
Please send me the email response- my client did not receive it.  Reserving all rights.

Peter Scoolidge
Scoolidge Peters Russotti & Fox, LLP
2 Park Avenue - 20th Floor
New York, NY 10016
Office:  (212) 729-7708
Cell:    (914) 443-8187

.

On Tue, Dec 10, 2024 at 3:54 PM Harry Rillstone <h.rillstone@crimsoneducation.org> wrote:
Hi Peter

I am in receipt of your letter of 4 December 2024. Our reply as follows:

1. We addressed the matters raised in the October 23, 2024 letter by way of email reply on or about November 7, 2024.  We have nothing further to add here.
2. We wholeheartedly reject the allegations of fraud. No intellectual property or proprietary non-public information was obtained or used.

Kind Regards,
Harry



**Harry Rillstone**
Director, Legal and Compliance | New Zealand

— —

**P** +64 9 282 3237 | **M** +64 21 667 895 | **E**  h.rillstone@crimsoneducation.org

Level 3 | 18 Stanley Street | Auckland 1010 | New Zealand

crimsoneducation.org



This email may be confidential and/or protected by legal privilege. Disclosure, copying, distribution and use are prohibited. If you are not the intended recipient, please notify me immediately and delete this email.